UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY S. SMITH,<br><br>        Petitioner,<br><br>    v.<br><br>SANTA CLARA COUNTY,<br><br>        Respondent. | Case No. 25-cv-02674-RFL<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 4 |

      This action was filed as a habeas petition under 28 U.S.C. § 2254 for relief from state convictions. A review of the petition, however, shows that Petitioner wishes to sue county jail officials for denying him a single cell, not providing sufficient law library access, and taking his electronic tablet. (Dkt. No. 1 at 6-8, 10-12.) His claims are not the proper subject of a habeas action, but must be brought as a civil rights action under 42 U.S.C. § 1983. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

      In an appropriate case, a habeas petition may be construed as a section 1983 complaint. *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). Although a district court may construe a habeas petition as a civil rights action, it is not required to do so. Since the time when the *Wilwording* case was decided, there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars; for civil rights cases, however, the fee is now $405 ($350 if pauper status is granted) and under the Prisoner Litigation Reform Act the prisoner is

1

required to pay it, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account.  *See* 28 U.S.C. § 1915(b).  A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $405 fee would be deducted from income to his or her prisoner account.  Also, a civil rights complaint that is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.  Accordingly, under the current law, there may be reasons why a petitioner would prefer not to have his habeas petition construed as a section 1983 action.

In view of these potential pitfalls for Petitioner if his petition were construed as a civil rights complaint, the case is DISMISSED without prejudice to Petitioner filing a civil rights action if he wishes to do so.

A certificate of appealability will not issue.  Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner's motion to proceed in forma pauperis is GRANTED.  (Dkt. No. 4.)

The Clerk shall enter judgment in favor of Respondent and close the file.

**IT IS SO ORDERED.**

Dated: May 28, 2025

_____
RITA F. LIN
United States District Judge